IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:15 CR 146-001 |
| | ) | |
| Plaintiff | ) | Judge Donald C. Nugent |
| | ) | |
| v. | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| ALLEN D. MILES | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

Now comes the Defendant, ALLEN D. MILES, by and through the undersigned counsel, J. GERALD INGRAM and DESIRAE DIPIERO, and files this sentencing memorandum in support of a sentence below the advisory guideline range. The Defendant respectfully requests that this Honorable Court exercise its discretion to impose a sentence "sufficient, but not greater than necessary" to achieve the sentencing purposes of 18 U.S.C. §3553(a). The basis for this request is more fully set forth in the Memorandum in Support attached hereto and incorporated herein by this reference.

                                                                                            Respectfully submitted,

                                                                                            /s/ *J. Gerald Ingram*
                                                                                           J. GERALD INGRAM (#0007887)
                                                                                           DESIRAE DIPIERO (#0071707)
                                                                                           7330 Market Street
                                                                                           Youngstown, OH   44512
                                                                                           330/758-2308 (phone) 330/758-8290 (fax)
                                                                                           ATTORNEYS FOR DEFENDANT

**CERTIFICATION**

     I hereby certify that on August 11, 2016 a copy of the foregoing was electronically filed. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

                                           /s/ *J. Gerald Ingram*
                                           J. GERALD INGRAM (#0007887)
                                           Attorney for Defendant

**MEMORANDUM IN SUPPORT**

In *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L. Ed.2d 621 (2005), the United States Supreme Court transformed the Sentencing Guidelines from a mandatory scheme to an advisory resource. The methodology a sentencing court must follow is a three-step process beginning with a determination of the proper advisory Guidelines range.  The Guidelines are the starting point and initial benchmark but are not the only consideration.  *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L. Ed.2d 445 (2007).  After permitting both parties to argue for a particular sentence, the judge should consider all of the 18 U.S.C. §3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, he may not presume that the Guidelines range is reasonable.  He must make an individualized assessment based on the facts presented.  A judge may determine that, in a particular case, a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing pursuant to §3553(a).  *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L. Ed.2d 481 (2007).

The Defendant's criminal activity in this case involved Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§1349 and 1343, ten counts of Wire Fraud in violation of 18 U.S.C. §1343, and three counts of Aggravated Identity Theft in violation of 18 U.S.C. §1028A(a)(1).  The United States Probation Department has calculated a base offense level of 7 for the Wire Fraud offenses.  With relation to Specific Offense Characteristics, the Probation Department has added 18 points based on a calculation of a total intended loss of $4.8 million and has added 2 points for sophisticated means.  The Probation Department further applied a 4 level upward adjustment for Aggravating Role in the Offense and a 2 level upward adjustment for Abuse of a Position of Trust.  The Presentence Investigation Report, prepared on May 6, 2016 and revised on August 5, 2016, sets forth a total offense level of 33.

The Aggravated Identity Theft counts require the imposition of two-year sentences which can be served concurrently to one another but which must be served consecutively to the sentences imposed for any other offenses. See 18 U.S.C. §1028A(b)(2) and (4). This Court may consider the mandatory sentences required for the Aggravated Identity Theft convictions as a basis for departure when sentencing the Defendant for the non-predicate Wire Fraud offenses. See *United States v. Vidal-Reyes,* 562 F.3d 43 (1st Cir. 2009).

The Defendant's criminal history as calculated by the United States Probation Department is zero. He lacks any criminal history whatsoever. He is thus a Criminal History Category I. The advisory guideline range as calculated by the Probation Department is 135-168 months. The three Aggravated Identity Theft counts require two-year mandatory terms which may be served concurrently to one another but consecutively to any other sentence imposed.

### *Aggravating Role*

The Defendant objects to the four-level adjustment applied by the Probation Department for Aggravating Role pursuant to U.S.S.G.§3B1.1. The scheme in this case was the idea of Zinara Highsmith. She organized the scheme with Craig Cudhea and instructed others regarding the filing of false tax returns. Ms. Highsmith exercised authority and control over all others involved. She also received the lion's share of the profits. She received well over $500,000 as a result of the scheme while the Defendant received less than half that amount, approximately $240,000. The Background provided in the Commentary to §3B1.1 indicates that the adjustment for Aggravating Role is included primarily because of concerns over relative responsibility. According to that section, it is "likely that persons who exercise a supervisory or managerial role in the commission of an offense tend to profit more from it" and present a greater danger to the public and/or are more likely to recidivate. The "Commission's intent is that the adjustment

should increase with both the size of the organization and the degree of defendant's responsibility." *Id*.

The Defendant was not the organizer of the criminal activity herein. The Defendant was not a leader, manager or supervisor of any other participants who bore criminal responsibility for the scheme. In response to the Defendant's objection, the Probation Department asserts a supply-chain analogy wherein the Defendant is the supplier of identifying information on equal footing with Zinara Highsmith who controlled the manufacturing component and caused the fraudulent returns to be generated. The Probation Department concludes that "Highsmith and the defendant came to an agreement in this illicit 'business relationship' not as boss to subordinate but as manufacturer to supplier." The analogy simply does not apply. Whether supply-side or manufacturing-side, the issue is the hierarchy of control. Usually, the manufacturer holds a superior position in the hierarchy of control. In this case, Highsmith headed the hierarchy of control. As shown below, the Defendant did not control the activity of any criminally responsible person.

Just as a manufacturer determines the terms of the contractual relationship with its suppliers, Highsmith determined the terms of her relationship with the Defendant. Highsmith determined the nature of the relationship, the rate of compensation, the means of compensation, and the specifications for the material to be produced. (See Government Exhibit 201). The scheme was her idea and she was in control. With respect to degree of responsibility, the Defendant respectfully asserts that increasing his offense level by four under this section when Zinara Highsmith's Presentence Report sets forth a two-level increase is disproportionate and fails to take into account their relative responsibility with respect to the scheme.

Further, U.S.S.G. §3B1.1 only applies when the Defendant supervises individuals who are criminally responsible for the offenses. See *United States v. DeCicco*, 889 F.2d 1531 (7th Cir. 1990) relying in part on the opinion of the Sixth Circuit Court of Appeals in *United States v. Carroll*, 893 F.2d 1502 (6th Cir. 1990). The trial testimony clearly established that while the Defendant may have supervised or controlled nonculpable, innocent or unwitting participants, he did not organize, control or supervise any criminally responsible individuals. All criminally responsible individuals were directed by Highsmith not the Defendant. Accordingly, any upward adjustment for Aggravating Role in the offense is inappropriate.

*Abuse of a Position of Trust*

The Probation Department also increased the Defendant's offense level by two for Abuse of a Position of Trust. The Defendant respectfully asserts that the application of the adjustment in this case is inappropriate. For the abuse of trust enhancement to apply, the position of trust must have substantially contributed to the defendant's ability to commit the crime, and the person or entity with which the defendant held such a position must have been the victim. *United States v. Duerson*, 25 F.3d 376, 383-4 (6th Cir. 1994). As set forth in the Presentence Investigation Report, the victim in this case is the Internal Revenue Service. (See PSR, Paragraph 48, Page 12). Defendant Miles did not hold a position of trust with the IRS. If anyone held a position of trust with the government, it was Zinara Highsmith, not Miles.

The notion of trust embodied in the guideline is "not the one contemplated by the ordinary concept of reliance or confidence for, in that sense, a bank trusts its tellers not to steal from the till. Rather, as used in the guideline, 'position of public or private trust' is a term of art, appropriating some of the aspects of the legal concept of a trustee or fiduciary." *United States v. Ragland,* 72 F.3d 500 (6th Cir. 1996). See also, *United States v. Humphrey*, 279 F.3d 372 (6th

6

Cir. 2002), holding that discretion afforded Defendant for position of trust to apply must be substantial and encompass fiduciary-like responsibilities. The Defendant never occupied a position of trust as contemplated by the guideline.

*Grounds for Departure and/or Variance*

When imposing sentence on the Wire Fraud counts, the Defendant respectfully requests that this court exercise its discretion to consider the mandatory sentences on the Aggravated Identity Theft counts and grant a downward departure as a result thereof. 18 U.S.C.1028A(b)(3) provides that when imposing sentence "for the felony during which the means of identification was transferred, possessed, or used," a court shall not in any way reduce the term to be imposed so as to compensate for any term of imprisonment for the Aggravated Identity Theft conviction. The prohibition for consideration of the mandatory term when sentencing a defendant on other counts thus only applies when the other counts were the predicate felonies underlying the Aggravated Identity Theft convictions. See *United States v. Vidal-Reyes*, 562 F.3d 43 (1st Cir. 2009), holding that court was free to take into account two-year mandatory sentence for Aggravated Identity Theft when imposing sentence on non-predicate counts. In the case at bar, the conduct underlying the Aggravated Identity Theft convictions was never charged. This court may thus consider the two-year mandatory sentences on the Aggravated Identity Theft counts and compensate for them with a downward departure on the Wire Fraud counts.

The following facts and circumstances should be considered in the context of 18 U.S.C. §3553 as bases for a variance from the advisory guideline range. The court should consider the history and characteristics of the Defendant. The Defendant is 58 years of age and has no criminal history whatsoever. He has led an exemplary life except for the conduct of the instant offense. The Defendant's risk of recidivism is extremely low. With respect to proportionality,

the Defendant asserts that his guideline range is disproportionate to the sentence imposed on co-defendant Sayavong and the potential sentence of Zinara Highsmith. Defendant Sayavong received a 33-month sentence. The guideline range for Zinara Highsmith as set forth in her Presentence Investigation Report before any deductions for substantial assistance is 57-71 months. The Defendant's guideline range is dramatically higher and disproportionate to those defendants. Both Highsmith and Sayavong received a two-level adjustment for Aggravating Role in the offense. The Probation Department has increased the Defendant's offense level by four for Aggravating Role. Neither Highsmith nor Sayavong received adjustments for Abuse of a Position of Trust. Neither Highsmith nor Sayavong are subject to mandatory consecutive sentences. The interest of proportionality dictates departure consideration when sentencing this Defendant.

The Defendant hereby requests that this Honorable Court exercise its discretion to impose a sentence "sufficient but not greater than necessary" to achieve the sentencing purposes of 18 U.S.C. §3553(a) and impose a sentence below the advisory guideline range.

/s/ *J. Gerald Ingram*
J. GERALD INGRAM (#0007887)
Attorney for Defendant